IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH – NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
2007 NOV 30 A 8: 53
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| RAUL SEPULVEDA,<br><br>Petitioner/Defendant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff. | **ORDER**<br><br>Case No. 2:07-CV-449<br>related to 2:05-CR-875 |

Before the Court is petitioner Raul Sepulveda's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court, having considered the parties' briefs, record, and relevant law, DENIES Mr. Sepulveda's motion. The Court adopts the reasoning set forth in the Government's opposition to Mr. Sepulveda's motion as the legal grounds on which it bases this Order.

On April 27, 2006, Mr. Sepulveda pled guilty to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. section 841(a)(1). On August 9, 2006, the Court imposed a sentence of 37 months of imprisonment and 36 months of supervised release.

The present motion was filed on July 5, 2007, and is based primarily on claims of ineffective assistance of counsel. Mr. Sepulveda argues that his counsel gave him inaccurate advice regarding the length of the sentence he would receive, that his counsel failed to argue for a safety valve reduction to his sentence, and that his counsel failed to appeal his case. In order to prevail on an ineffective assistance of counsel claim, Mr. Sepulveda must establish that his counsel's performance was not only deficient, but that the deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, Mr. Sepulveda must

show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Mr. Sepulveda cannot meet this burden. From the record it is clear that the performance of Mr. Sepulveda's counsel was neither deficient nor prejudicial to his case. Based on Mr. Sepulveda's offense, the United States Sentencing Guidelines recommended a prison sentence of 57 to 71 months. Mr. Sepulveda's counsel, however, argued for a significantly lower sentence. The end result, was that Mr. Sepulveda was sentenced to a term that was 20 months below the guideline range. This is hardly the prejudicial result that one would expect to find in a claim for ineffective assistance of counsel.

Addressing Mr. Sepulveda's ineffective assistance complaint specifically, the Tenth Circuit has held that simply giving inaccurate advice regarding the possible length of a sentence does not amount to ineffective assistance of counsel. *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005). Furthermore, because Mr. Sepulveda did not receive a mandatory minimum sentence, he did not qualify for the safety valve reduction. *See* 18 U.S.C. § 3553(f). Finally, regarding Mr. Sepulveda's counsel's failure to file an appeal, Mr. Sepulveda has not presented any appealable issue. Therefore, Mr. Sepulveda's counsel's failure to appeal cannot be deemed ineffective. *See United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995).

Mr. Sepulveda also challenges some of the evidence in this case. The statement in advance of plea and the plea colloquy, however, establish that Mr. Sepulveda entered his guilty plea knowingly and voluntarily. As a result, all evidentiary challenges in this case are precluded. *See Mahler v. United States*, 333 F.2d 472 (10th Cir. 1964) (holding that a voluntary guilty plea is a waiver of all non-jurisdictional defenses).

2

Lastly, Mr. Sepulveda argues that when imposing his sentence, the Court failed to take into account the fact that Mr. Sepulveda was only a minor participant in the crime. Petitioner's Motion, pg. 8A. This argument lacks merit. At sentencing the government moved the Court to impose a sentence of only 46 months (11 months below the guideline range), based on the fact that Mr. Sepulveda was only a minor participant in the crime. Sentencing Transcript, pg. 9. Considering this and all other factors of Mr. Sepulveda's case, the Court then imposed a sentence of 37 months (20 months below the guideline range). Therefore, it is clear that the Court appropriately considered the fact that Mr. Sepulveda was only a minor participant in the crime when imposing his sentence.

For the reasons stated above, Mr. Sepulveda has failed to show how his counsel's performance was deficient and/or prejudicial to his case. He has also failed to show any other reason why this Court should vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. Therefore, Mr. Sepulveda's motion is DENIED.

IT IS SO ORDERED.

DATED this 28th day of November, 2007.

Dee Benson
United States District Judge

3